**Opinion issued July 9, 2026.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-24-00423-CR

————————————

**GEORGE CHRISTOPHER DAVIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Case No. 1798926**

---

## MEMORANDUM OPINION

Appellant George Christopher Davis pled guilty to the offense of aggravated assault with serious bodily injury, and the trial court assessed his punishment at twenty years' confinement. In his sole issue on appeal, Davis argues that his trial

counsel rendered ineffective assistance of counsel by failing to object to the State's closing argument during the punishment hearing.

We affirm the trial court's judgment.

**Background**

Davis pled guilty to the charged offense without an agreed recommendation on punishment and he elected to have the trial court assess his punishment.[2] After preparation of a pre-sentence investigation report, the trial held a hearing on punishment.

During closing arguments, defense counsel argued that Davis was a young man from a good family who had gone astray after the death of his older brother. According to defense counsel, Davis was "not some typical guy out there robbing," and counsel asked the court to sentence Davis to deferred adjudication probation "so that he can get back to his life, get back in the saddle and doing the same things he was raised to do which is being responsible as a man." In response, the State argued, without objection, that deferred adjudication probation was inappropriate because Davis, who had been in custody for seven months, had his bond revoked after he committed multiple bond violations "due to the multiple bond violation reports and curfew violations that had been filed" and "how a person is on bond is pretty indicative of how they will act" if placed on deferred adjudication probation.

The trial court sentenced Davis to twenty years' confinement—the maximum sentence for a second-degree felony offense. *See* TEX. PENAL CODE §§ 12.33 (stating second-degree felony offenses punishable by two to twenty years' imprisonment and fine up to $10,000); 22.02(a), (b) (identifying aggravated assault as second-degree felony). This appeal followed.

**Ineffective Assistance of Counsel**

In his sole issue, Davis argues that his trial counsel rendered ineffective assistance of counsel by failing to object during closing arguments when the State argued that his bond had been revoked because he had not complied with the requirements of his release and, in light of his behavior, it was apparent that Davis would not comply with the terms of deferred adjudication probation. Davis argues that his trial counsel's conduct fell below an objective standard of professional conduct because the State's argument injected facts outside of the record that improperly influenced the trial court's sentencing decision.

**A.    Standard of Review and Applicable Law**

The Sixth Amendment of the United States Constitution and the Texas Constitution guarantee a criminal defendant the right to reasonably effective assistance of counsel. U.S. CONST. amend. VI; TEX. CONST. art. 1, § 10; *see Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). The right to effective assistance of counsel requires objectively reasonable representation, not errorless

3

performance. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Lopez*, 343 S.W.3d at 142.

To establish that trial counsel provided ineffective assistance, an appellant bears the burden to demonstrate by a preponderance of the evidence that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687; *Lopez*, 343 S.W.3d at 142. An appellant must establish both prongs before an appellate court will find counsel's representation to be ineffective. *Lopez*, 343 S.W.3d at 142 (citing *Strickland*, 466 U.S. at 687); *see Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009) ("An appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong.").

To satisfy the first prong, an appellant must show that his trial counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms. *Strickland*, 466 U.S. at 687–88; *Lopez*, 343 S.W.3d at 142. This requirement can be difficult to meet because there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Under the second prong, an appellant must demonstrate prejudice or "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see Lopez*, 343 S.W.3d at 142. A reasonable probability is one sufficient to undermine confidence

in the outcome. *Lopez*, 343 S.W.3d at 142; *see also Smith v. State*, 286 S.W.3d 333, 340 (Tex. Crim. App. 2009) (stating reasonable probability is "a probability sufficient to undermine confidence in the outcome, meaning counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable") (internal quotation marks omitted).

The Court of Criminal Appeals repeatedly has stated that trial counsel "should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012) (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)). When trial counsel has not been provided an opportunity to explain his actions, an appellate court will not find that counsel's performance was deficient unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Id.* (quoting *Goodspeed*, 187 S.W.3d at 392). Thus, when an appellate record is silent as to why trial counsel failed to take certain actions, the appellant "fail[s] to rebut the presumption that trial counsel's decision was in some way—be it conceivable or not—reasonable." *Mata v. State*, 226 S.W.3d 425, 431 (Tex. Crim. App. 2007).

Proper closing argument generally falls within one of four areas: (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to an argument of opposing counsel, and (4) plea for law enforcement. *Milton v. State*, 572 S.W.3d 234, 239 (Tex. Crim. App. 2019).

5

**B. Analysis**

Davis argues that his trial counsel performed deficiently by failing to object when the State argued that Davis had been held without bond for seven months "due to multiple bond violations." According to Davis, the State's argument injected facts outside the record because no evidence was presented during the punishment hearing regarding any alleged bond violations committed by Davis.

The State responds that trial counsel's conduct was not deficient because the State's closing argument was supported by the pre-sentence investigation report, which reflected that Davis had been charged with two new offenses during the pendency of the case. The State further argues that Davis has not overcome the presumption that his trial counsel acted reasonably because the record is silent as to why trial counsel failed to object to the State's argument and there are sound strategic reasons justifying trial counsel's conduct. Davis, who acknowledges that the record is silent as to his trial counsel's motivations for not objecting to the State's remarks, argues there is "no objective reason" to permit the State to inject new, harmful information during closing argument.

Given the silent record here, we agree with the State that Davis has not overcome the presumption that his counsel acted reasonably in not objecting. While Davis argues there was no objective reason for his counsel's failure, it is possible that trial counsel chose not to object because he did not want to draw further attention

to Davis' alleged bond violations. *See Lopez v. State*, 565 S.W.3d 879, 887 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd) (recognizing that "the failure to object to improper jury argument may be based on a reasonable trial strategy: to avoid drawing attention to the prosecutor's statement"); *see also Aybar v. State*, No. 01-18-00018-CR, 2019 WL 3227066, at *11 (Tex. App.—Houston [1st Dist.] July 18, 2019, pet. ref'd) (mem. op., not designated for publication) (recognizing that sound strategic reasons exist for not objecting to improper argument during closing arguments and holding trial counsel's conduct was not so outrageous that no competent attorney would have engaged in it).

Davis' trial counsel has not been afforded an opportunity to explain why he chose not to object when the State argued that Davis had committed multiple bond violations while the case was pending, and the record is otherwise silent as to trial counsel's motivations for not objecting to the State's argument. Because valid strategic reasons exist for not objecting to an improper closing argument, we cannot say that trial counsel's failure to object when the State argued that Davis had committed multiple bond violations while the case was pending was "so outrageous that no competent attorney would have engaged in it." *Menefield*, 363 S.W.3d at 593 (quoting *Goodspeed*, 187 S.W.3d at 392); *see also Lopez*, 565 S.W.3d at 887 (holding trial counsel's conduct was not so outrageous that no competent attorney would have engaged in it because sound strategic reasons exist for not objecting to

improper argument during closing argument); *Aybar*, 2019 WL 3227066, at *11 (same). We thus conclude that Davis failed to prove by a preponderance of the evidence that his trial counsel's performance was deficient. *See Strickland*, 466 U.S. at 687 (stating appellant bears burden to demonstrate by preponderance of the evidence that his counsel's performance was deficient).

Having determined that Davis did not demonstrate that his trial counsel's performance was deficient as required by the first prong of *Strickland*, we need not address whether Davis demonstrated he was prejudiced by his trial counsel's deficient performance under the second *Strickland* prong. *See Williams*, 301 S.W.3d at 687 ("An appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong.").

We overrule Davis' sole issue.

## Conclusion

We affirm the trial court's judgment.

Veronica Rivas-Molloy
Justice

Panel consists of Justices Rivas-Molloy, Johnson, and Dokupil.

Do not publish. TEX. R. APP. P. 47.2(b).